Jordan Kilby
SMITH & STEPHENS, P.C.
315 West Pine
PO Box 7337
Missoula, Montana 59807
Phone: (406) 721-0300
Fax: (406) 721-5370
jordan@smithstephens.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br>v.<br><br>TYLER ROE,<br><br>             Defendant. | No. CR-11-37-M-DWM<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION IN LIMINE REGARDING PRIOR CONVICTIONS** |

**BRIEF IN SUPPORT**

Facts

Tyler Roe (Roe) has filed a Motion *In Limine* requesting the Court

issue an order preventing the Government or any other party from

referencing Roe's prior criminal convictions.

A review of Roe's criminal history shows he has been convicted in the State of Montana for misdemeanor offenses. All of the sentences have discharged.

## Argument

At least two rules of evidence prohibit the introduction of testimony or evidence regarding Roe's prior criminal convictions: 402, and 404(b).

Rule 402 of the Federal Rules of Evidence states, "[e]vidence which is not relevant is not admissible." As the Court is aware, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402.

Roe has been charged by the United States Government in the District of Montana with one count of Conspiracy to Manufacture Marijuana pursuant to 21 U.S.C. § 846, once count of Conspiracy to Distribute Marijuana pursuant to 21 U.S.C. § 846, and one count of Possession with Intent to Distribute Marijuana pursuant to 21 U.S.C. § 841. That Roe was convicted of various misdemeanors has absolutely no relevance regarding whether or not he is guilty of Counts I, II, and III currently before this Court. Therefore, they should be inadmissible as irrelevant evidence pursuant to

Fed. R. Evid. 402.

Fed R. Evid. 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts, "to prove the character of a person in order to show action n conformity therewith."  There are several exceptions to this general prohibition.  Rule 404(b) provides that evidence of other crimes, wrongs, or acts may be admissible for other purposes such as:

> proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

On July 14, 2011, the Government mailed its discovery letter to Roe's counsel.  In that letter, the Government represented that, "The United States knows of no other crimes evidence, as defined by Rule 404(b), Federal Rules of Evidence, relevant to the issues of this case.  In that same letter was indication that the Government was sending along a copy of Roe's criminal history.

To date, Roe has received no indication from the Government that this statement is no longer true.  Therefore, any reference to Wright's prior criminal history should be inadmissible, per the general prohibition of Fed.

R. Evid. 404.

Finally, Roe would request that any witnesses refrain from testifying with regard to evidence of Roe's criminal history on the grounds that the prejudice created by the introduction of that evidence would substantially outweigh any probative value that evidence may have.  This request is in accordance with Fed. R. Evid. 403.

## CONCLUSION

While Roe acknowledges that if he elects to testify in his own defense there is a possibility that evidence of his criminal history may become relevant, such evidence should not be permitted into evidence absent that specific trigger.

Therefore, Roe would respectfully request this Court grant this Motion in Limine.

RESPECTFULLY submitted this 3rd day of August, 2011.

>SMITH & STEPHENS, P.C.
>*Attorneys for Defendant*
>
>By: /s/     Jordan Kilby
>Jordan Kilby

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Criminal Rule CR 12.1 (as amended), I hereby certify that this Brief in Support of Defendant's Motion in Limine Regarding Prior Convictions complies with all requirements set forth in CR 12.1 in that it:

(1) does not exceed 6,500 words;

(2) is double spaced in a proportionally spaced font;

(3) is prepared in a 14 point Times New Roman Font.

Respectfully submitted this 3rd day of August, 2011.

/s/Jordan Kilby
Jordan Kilby

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following electronically:

| | |
|---|---|
| Tara J. Elliot | [ ] U.S. Mail |
| U.S. Attorney's Office | [ ] Hand Delivery |
| P.O. Box 8329 | [X] CM/ECF |
| Missoula, MT 59802 | [ ] Email |

| | |
|---|---|
| Tyler Roe | [X] U.S. Mail |
| 210 Battle Ridge Drive | [ ] Hand Delivery |
| Kalispell, MT 59901 | [ ] Federal Express |
| | [ ] Email |

DATED this 3rd day of August, 2011.

/s/Jordan Kilby
Jordan Kilby