**FILED**

AUG 3 1 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

TARA J. ELLIOTT
TIMOTHY J. RACICOT
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email:    Tara.Elliott@usdoj.gov
          Tim.Racicot2@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-37-M-DWM |
| vs. | **PLEA AGREEMENT** |
| TYLER ROE, | |
| Defendant. | |

1

TJE    TR    JK    8/30/11
TJE    TR    JK    Date

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Tara J. Elliott, Assistant United States Attorney for the District of Montana, and the defendant, Tyler Roe, and his attorney, Jordan Kilby, have agreed upon the following:

**1.     Scope:**  This plea agreement is between the United States Attorney's Office for the District of Montana and defendant.  It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

**2.     Charges:**  Defendant agrees to plead guilty to Count I of the indictment which charges the crime of Conspiracy to Manufacture Marijuana in violation of Title 21 U.S.C. § 846.  Count I carries a mandatory minimum penalty of five years imprisonment, a maximum penalty of 40 years imprisonment, a $2,000,000 fine, at least four years supervised release, and loss of some federal benefits.

**3.     Nature of the Agreement:**  The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by: Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*.  The defendant acknowledges that the agreement

2                                        TJE    TR    JK    8/30/11
                                                              Date

will be fulfilled provided a) the United States moves to dismiss, and the
Court agrees to dismiss, Counts II and III and does not pursue other
charges against the defendant, and b) makes the recommendations
provided below. The defendant understands that if the agreement is
accepted by the Court, there will not be an automatic right to withdraw
the plea even if the Court does not accept or follow the
recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty
because defendant is in fact guilty of the charges contained in Count I
of the Indictment.

In pleading guilty to Count I, the defendant acknowledges that:

First, there was an agreement between two or more people to
manufacture marijuana; and

Second, the defendant entered the agreement knowing of its
objectives and intending to accomplish at least one of those objectives;
and

Third, manufacture of more than 100 marijuana plants was
reasonably foreseeable to the defendant or within the scope of his

TJE  TR  JK  5/30/11<br>
TJE  TR  JK  Date

3

agreement to further the object of the conspiracy.

## 5. Waiver of Rights by Plea:

(a)     The government has a right to use against the
defendant, in a prosecution for perjury or false statement, any
statement that the defendant gives under oath during plea colloquy.

(b)     The defendant has the right to plead not guilty or to
persist in a plea of not guilty.

(c)     The defendant has the right to a jury trial unless the
defendant, by written waiver, consents to a non-jury trial. The
government must also consent and the court must approve a non-jury
trial.

(d)     The defendant has the right to be represented by
counsel, and if necessary, have the court appoint counsel, at trial and at
every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed
of 12 laypersons selected at random. The defendant and defense
attorney would have a say in who the jurors would be by removing
prospective jurors for cause where actual bias or other disqualification

4          $\frac{71\ell}{TJE}$     $\frac{\mathbb{R}}{TR}$     $\frac{J\mathcal{L}}{JK}$     $\frac{6/30/11}{Date}$

is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the

5        TJE     TR      JK      Date

court.

  (h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

  (i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

  (j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

  The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this

TJE  TR  JK  8/30/11
               Date

paragraph. The defendant's attorney has explained these rights and
the consequences of waiving these rights.

**6. Recommendations:** If the defendant otherwise qualifies
for a two level adjustment for acceptance of responsibility, and his
offense level is 16 or greater, and if the defendant files this agreement
or a Motion for Change of Plea Hearing at least 14 days prior to the
date now set for trial, the United States will move the Court at the
time of sentencing to award the defendant an additional point for
acceptance of responsibility pursuant to USSG § 3E1.1(b) unless the
defendant is found to have obstructed justice prior to sentencing, USSG
§ 3C1.1, or acted in anyway inconsistent with acceptance of
responsibility.

The parties reserve the right to make any other arguments at the
time of sentencing. Defendant understands that the court is not bound
by this recommendation.

**7. Sentencing Guidelines:** Although advisory, the parties
agree that the U.S. Sentencing Guidelines must be applied, and a
calculation determined, as part of the protocol of sentencing to

7    $\underline{\phantom{TJE}}$ $\underline{\phantom{TR}}$ $\underline{\phantom{JK}}$ $\underline{8/30/11}$
     TJE   TR   JK   Date

determine what sentence will be reasonable.

## 8.  Waivers:

(a)  *Mutual Waiver of Appeal:* The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. § 3742(b). By this agreement the parties waive their right to appeal the reasonableness of the sentence if the defendant receives a sentence within or below the guideline range calculated by the Court.

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of couns

(b)  *Waiver of Appeal of the Sentence – 5K motion:* The defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Under appropriate

8          $\frac{\textit{TJE}}{\text{TJE}}$  $\frac{\textit{TR}}{\text{TR}}$  $\frac{\textit{JK}}{\text{JK}}$  $\frac{9/30/11}{\text{Date}}$

circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG § 5K1.1 for a downward departure to reward for any substantial assistance the defendant has provided or may provide before sentencing. If such a motion is made and the Court accepts the plea agreement, the defendant hereby waives all right to appeal the sentence imposed by the Court.

If a motion for downward departure is made under USSG § 5K1.1, the defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware

$\frac{TJE}{\text{TJE}}$  $\frac{TR}{\text{TR}}$  $\frac{JK}{\text{JK}}$  $\frac{8/30/11}{\text{Date}}$

that Department of Justice policy does not authorize any individual
prosecutor to file such a motion or make such a commitment without
express written approval of the U.S. Attorney or a Committee of other
prosecutors designated and empowered by the U.S. Attorney to approve
such a motion. USAM 9-27.400.

(c)    *Waiver and Dismissal of Appeal of the Sentence - Rule 35
motion*: The defendant acknowledges that 18 U.S.C. § 3742 affords him
the right to appeal the sentence imposed in this case. Under
appropriate circumstances, the United States may move, but has not
made any commitment as part of this agreement to move, for a
reduction of sentence pursuant to Rule 35, Federal Rules of Criminal
Procedure, to reward the defendant for any substantial assistance the
defendant provides after sentencing. If such a motion is made, and
granted by the Court, the defendant hereby agrees to waive any appeal
of the sentence and judgment imposed and dismiss any pending appeal
of the judgment and sentence previously taken.

If a Rule 35 motion for reduction of sentence is made and granted
by the Court, the defendant also agrees to waive his right to collaterally

10          $\frac{\eta\varepsilon}{TJE}$   $\frac{\swarrow}{TR}$   $\frac{JL}{JK}$   $\frac{6/30/11}{Date}$

attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

**9.    Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

**10.    Detention/Release After Plea:** The United States agrees that it will not move for detention but will defer to the discretion of the court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for

11    *TJE    TR    JK    Date 8/30/11*

post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

11. **Breach:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

12. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

**This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

> **MICHAEL W. COTTER**
> **United States Attorney**

12 $\quad$ $\frac{77}{\text{TJE}}$ $\frac{}{\text{TR}}$ $\frac{}{\text{JK}}$ $\frac{6/30/11}{\text{Date}}$

_____ 8/30/11
Tara J. Elliott
Assistant U. S. Attorney

_____ 8/30/11
Tyler Roe
Defendant

_____ 8/30/11
Jordan Kilby
Defense Counsel

13    TJE    TR    JK    8/30/11
                              Date